IN THE UNITED STATES DISTRICT COURT
                        FOR THE DISTRICT OF KANSAS

**WESLEY D. HALPRIN,**

                      **Plaintiff,**

          v.                              CASE NO. 21-3122-SAC

**RENEE S. HENRY, et al.,**

                      **Defendants.**

## MEMORANDUM AND ORDER

This matter is a civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff, a pretrial detainee, proceeds pro se. The court has reviewed plaintiff's motion to proceed in forma pauperis and, finding he lacks the resources to pay an initial partial filing fee, grants the motion. Plaintiff remains obligated to pay the $350.00 filing fee.

### Nature of the Complaint

Plaintiff alleges the defendant state district judge violated his constitutional rights by illegally scheduling a competency evaluation. He also sues Dr. Zalor, a psychiatrist, alleging that he improperly ordered medication for plaintiff. He asks for the dismissal of the criminal charges against him and an end to his commitment to the Larned State Hospital.

### Screening

A federal court must conduct a preliminary review of any case in which a prisoner seeks relief against a governmental entity or an officer or employee of such an entity. *See* 28 U.S.C. §1915A(a). Following this review, the court must dismiss any portion of the complaint that is frivolous, malicious, fails to state a claim upon

which relief may be granted, or seeks monetary damages from a defendant who is immune from that relief. *See* 28 U.S.C. § 1915A(b).

In screening, a court liberally construes pleadings filed by a party proceeding pro se and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

"To state a claim for relief under Section 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988)(citations omitted).

To avoid a dismissal for failure to state a claim, a complaint must set out factual allegations that "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The court accepts the well-pleaded allegations in the complaint as true and construes them in the light most favorable to the plaintiff. *Id*. However, "when the allegations in a complaint, however true, could not raise a [plausible] claim of entitlement to relief," the matter should be dismissed. *Id*. at 558. A court need not accept "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Rather, "to state a claim in federal court, a complaint must explain what each defendant did to [the pro se plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

The Tenth Circuit has observed that the U.S. Supreme Court's

decisions in *Twombly* and *Erickson* set out a new standard of review for dismissals under 28 U.S.C. § 1915(e)(2)(B)(ii). *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007)(citations omitted). Following those decisions, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (quotation marks and internal citations omitted). A plaintiff "must nudge his claims across the line from conceivable to plausible." *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). In this context, "plausible" refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [the] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008)(citing *Twombly*, 550 U.S. at 1974).

**Discussion**

Plaintiff's claim against the defendant judge essentially seeks the intervention of this court in an ongoing state criminal action. Such a claim is barred by the abstention doctrine announced in *Younger v. Harris*, 401 U.S. 37 (1971), which "dictates that federal courts not interfere with state court proceedings by granting equitable relief—such as injunctions of important state proceedings or declaratory judgments regarding constitutional issues in those proceedings—when such relief could adequately be sought before the state court." *Reinhardt v. Kelly*, 164 F.3d 1296, 1302 (10th Cir. 1999) (citing *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 716 (1996)). Under the *Younger* doctrine, a federal court must abstain from exercising jurisdiction when the following three conditions are met: "(1) there is an ongoing state criminal, civil, or administrative

proceeding, (2) the state court provides an adequate forum to hear the claims raised in the federal complaint, and (3) the state proceedings 'involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies.'" *Amantullah v. Colo. Bd. of Med. Exam'rs*, 187 F.3d 1160, 1163 (10th Cir. 1999) (quoting *Taylor v. Jaquez*, 126 F.3d 1294, 1297 (10th Cir. 1997), *cert denied*, 523 U.S. 1005 (1998)). All these conditions are met in this matter, and the court declines to take any action in matters related to plaintiff's ongoing criminal case.

Likewise, to the extent plaintiff seeks equitable relief against the defendant judge, she is shielded by absolute judicial immunity. A judge acting in a judicial capacity is immune from suit unless the judge acts in the clear absence of all jurisdiction or is sued for a non-judicial act. *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Neither exception applies here.

Plaintiff's claim against the defendant psychiatrist alleges that he prescribed medication that plaintiff believes was unnecessary. A prisoner's difference of opinion with the facility's medical staff regarding diagnosis or treatment does not itself state a constitutional violation. *Smart v. Villar*, 547 F.2d 112, 114 (10th Cir. 1976). "We have consistently held that the existence of such a difference cannot alone give rise to a cause of action, and if the complaint indicates that such is the case, it must be dismissed." *Id.* (citations omitted). Because plaintiff appears to challenge only the defendant's medical judgment, he does not state a claim for relief.

**Order to Show Cause**

For the reasons set forth, the court directs plaintiff to show cause why this matter should not be dismissed for failure to state a claim for relief. The failure to file a timely response may result in the dismissal of this matter without additional notice.

IT IS, THEREFORE, BY THE COURT ORDERED plaintiff is granted to and including **July 29, 2021,** to show cause why this matter should not be dismissed.

**IT IS SO ORDERED.**

DATED:  This 29th day of June, 2021, at Topeka, Kansas.

S/ Sam A. Crow

SAM A. CROW
U.S. Senior District Judge